Carrie L. Dean *vs.* Fred. W. Hitchings and another.

January 14, 1889.

**Vendor and Purchaser—Termination of Contract upon Failure to Perform.**—In a contract to convey real estate was this clause: "It is further understood and agreed that the property shall be sold subject to the approval of the title by Stanley R. Kitchel, Esq." Mr. Kitchel having disapproved the title, the purchaser gave the vendor notice that she would not accept his deed of the property, and on a tender of a deed refused to accept it and perform the contract on her part. *Held*, that thereupon the vendor might treat the contract as at an end.

**Practice—Findings on Issues not in Pleadings.**—A trial court need not make further findings upon matters not within the written pleadings, unless the parties have by consent litigated such matters as though they were within the issues.

Plaintiff brought this action in the district court for Hennepin county, to obtain specific performance of a contract made by her

with defendant Hitchings for the sale of land. The action was tried by *Young*, J., who ordered judgment for defendants. Additional findings of fact were requested by plaintiff, and, with one exception, refused. Plaintiff appeals from an order refusing a new trial.

*Jackson, Atwater & Hill,* for appellant.

*M. B. Koon* and *Keith, Evans, Thompson & Fairchild,* for respondents.

GILFILLAN, C. J.    According to the findings of fact in this case, (and they are fully sustained by the evidence,) on June 25, 1886, the plaintiff and the defendant Hitchings (who held the title for other parties, by whom he was authorized to make the contract) entered into a contract in writing for the sale by him to her of certain real estate.    Seven hundred and fifty dollars of the purchase price was paid down.    For a part of the price the purchaser was to assume a mortgage resting on the property, and the remainder ($6,450) was to be paid, and the deed executed, as soon as the title to the property should be perfected, and the plat thereof accepted by the city council of Minneapolis, and duly recorded in the office of the register of deeds in and for Hennepin county, Minnesota.    The contract contained this clause: "It is further understood and agreed that the property shall be sold subject to the approval of the title by Stanley R. Kitchel, Esq."    The plat of the property was accepted by the council, and filed for record about August 1, 1886.

Upon the matter of the title being referred to Mr. Kitchel for his examination, he, after examining the title, declined to approve it. Plaintiff thereupon gave notice to defendant that she would not accept defendant's deed of the property, and thereupon defendant gave her notice that, unless she would accept the title as it was, he would consider the contract at an end, and return the earnest-money.    In September, plaintiff and her husband then contemplating leaving for Europe, she gave defendant notice thereof, and that she wanted the matter fixed up before she left, and defendant gave her notice that the transaction must be closed, if at all, before she left, and, if not so closed, defendant would consider the contract at an end.    On or about October 7th, and about two days before the time when she intended to start for Europe, defendant executed and tendered to plaintiff a

warranty deed of the property, and demanded that she perform the contract on her part, and she refused to accept the deed and perform on her part. Defendant thereupon notified her that for such refusal he would consider the contract at an end, and would return the earnest-money. About October 9th she left for Europe, intending to be gone one or two years. Before November 9th defendant tendered to plaintiff's agent repayment of the earnest-money, notifying him that it was because of her refusal to accept the deed and pay the amount specified in the contract.

Whether the stipulation requiring approval of the title, by Mr. Kitchel was for the benefit of both the parties, so that either could decline to proceed further in case of disapproval, is unnecessary to consider; for the purchaser was certainly entitled to insist upon it, and might refuse to go on without it. If she alone was entitled to its benefit, then she might waive it, and accept the title as it was, or insist upon it, and, if the title was not approved, might refuse to go any further in the matter. After full opportunity to determine what she would do, she elected the latter course, and is bound by her election. There is no question of laches in the case. She took advantage of a provision in the contract inserted for her benefit, at least, and as soon as she gave defendant notice that because of the disapproval of the title she would not perform, the defendant had a right to treat the contract as at an end.

The further findings of the court below, requested by plaintiff, other than the one which the court on such request made, were not within the issues made by the pleadings; and as it does not clearly appear that on the trial the parties by consent departed from the written pleadings, and tried other matters as though embraced within them, the court was right in declining to make such further findings.

Order affirmed.

NOTE. A motion for reargument of this case was denied January 31, 1889.